NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DANIEL G. LEPERA, an individual,<br><br>　　　　　　　　　　　Defendant. | OPINION and ORDER<br><br>Civ. No. 11-960 (WHW) |

**Walls, Senior District Judge**

　　　HICA Education Loan Corporation moves for default judgment against defendant Daniel Lepera.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument.  HICA's motion for default judgement is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　On September 13, 1994, Chase Manhattan Bank made a loan to Daniel Lepera under the federal Health Education Assistance Loan ("HEAL") program in the amount of $19,970.00.  As consideration for the loan, Lepera signed a promissory note payable to Chase Manhattan Bank for the original amount of the loan and future interest on that amount.  (Pl. Ex. A.)  On October 5, 1995, Chase Manhattan Bank made a second loan to Lepera under the HEAL program in the amount of $18,930.00.  Again Lepera signed a promissory note payable to the Chase Manhattan Bank in the amount of the second loan and future interest on that amount.  (Pl. Ex. B.)  On September 4, 1996, Chase Manhattan Bank made a third loan to Lepera under the HEAL program in the amount of $20,000.00.  Lepera signed a third promissory note payable to Chase

1

**NOT FOR PUBLICATION**

Manhattan Bank for the original amount of the third loan and future interest on that amount. (Pl. Ex. C.) HICA is currently the owner and/or holder of all three promissory notes. (Compl. ¶¶ 7, 10, 13.) Lepera failed to make payments under the terms of each of the promissory notes. (Compl. ¶¶ 15-16.) HICA demanded payment, but Lepera refused. (Compl. ¶ 17.). HICA filed suit on February 21, 2011, alleging that Lepera defaulted on his loans. (ECF No. 1.) Lepera was served with process on April 11, 2011, but has not answered the complaint or appeared in this action. (ECF No. 4.) At HICA's request the Clerk of the Court entered default against Lepera on June 3, 2011. HICA now moves for the entry of a default judgment.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). Because a default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).

Several factors are to be considered by courts in determining "whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

"[T]he factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005). The Court, however, makes "an independent inquiry into 'whether the unchallenged facts constitute a

legitimate cause of action'" and "must make an independent determination" regarding questions of law. Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C., No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007). "If it is necessary to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct a hearing." Rainey v. Diamond State Port Corp., 354 F. App'x 722, 724 (3d Cir. 2009) (citing Durant v. Husband, 28 F.3d 12, 15 (3d Cir.1994)).

## DISCUSSION

### *Jurisdiction*

Before entering a default judgment as to a party "that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008). A default judgment entered without personal jurisdiction over the defendant is void. D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 436 (E.D. Pa. 2006).

#### *Subject Matter Jurisdiction*

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. The Health Education Assistance Loan program is a federal program governed by the Code of Federal Regulations. Borrowers under the federal HEAL program are required to repay the loan in accordance with the agreed upon repayment schedule. 42 C.F.R. § 60.8(b)(4) (1992). HICA alleges that Lepera received loans through the HEAL program but has failed to repay them. (Compl. ¶ 15.) Because a default on a HEAL program loan is a violation of the C.F.R., the Court has subject matter jurisdiction over HICA's claim.

**NOT FOR PUBLICATION**

*Personal Jurisdiction*

HICA has "the burden of proving personal jurisdiction, [but it] can satisfy that burden with a *prima facie* showing." D'Onofrio, 430 F. Supp. 2d at 438. HICA alleges that Lepera is a resident of New Jersey, and that Lepera was served in the state of New Jersey on April 11, 2011. This court has personal jurisdiction over Lepera.

*Liability*

Because a party seeking a default judgment is not entitled to such relief as a matter of right, the court may enter a default judgment "only if the plaintiff's factual allegations establish a right to the requested relief." Nautilus Ins. Co. v. Triple C Const., Inc., No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011).

*Default*

HICA alleges that Lepera owes it the principal for, and unpaid interest on, three HEAL program loans. (Compl. ¶¶ 20-25.) HICA has provided promissory notes signed by Lepera pledging to repay the principal amount of each loan as well as interest and other undetermined charges, costs and fees set forth in the notes. (Pl. Ex. A, B, C.) Under the Code of Federal Regulations, "The borrower [of a loan under the HEAL program] must pay all interest charges on the loan as required by the lender or holder" and "must repay the loan in accordance with the repayment schedule." 42 C.F.R. §§ 60.8(b)(2), (b)(4). HICA alleges that Lepera has failed and refused to make the payments that are due. (Comp. ¶¶ 15-17.) HICA's allegations establish a breach of the C.F.R.

*Late Charges, Attorneys' Fees, and Court Costs*

"If the borrower [of a loan under the HEAL program] fails to make payments on the loan on time, the total amount to be repaid by the borrower may be increased by additional interest,

late charges, attorney's fees, court costs, and other collection charges." 42 C.F.R. § 60.8(b)(6). Because HICA alleges that Lepera has failed to repay his loans, he is liable for late charges, attorney's fees, court costs, and any other charges permitted by the Federal Regulations.[1]

*Propriety of Entry of Default Judgment*

HICA has properly served the defendant with process, the Clerk of the Court has entered default against him, and plaintiff has established a legitimate cause of action. The Court now determines whether default judgment is appropriate, by evaluating "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.

The Court finds that all three factors favor the granting of a default judgment in this case. First, if a default judgment is not entered, HICA will continue to be harmed "because [it] will not be able to seek damages for [its] injuries, due to defendant's continuing refusal to" participate in this case. See Newman v. Axiom Worldwide, No. 06-5564, 2010 WL 2265227, at *5 (D.N.J. June 2, 2010). Furthermore, the amounts owed by Lepera are subject to interest. The defendant will owe HICA more money the longer it does not receive payment, causing additional harm. See Cathay Bank v. Green Natural Food Inc., No. 09-5200, 2010 WL 1541509, at *2 (D.N.J. Apr. 10, 2010).

The second criterion for evaluating whether default judgment should be granted requires the Court to determine whether the defendant appears to have a litigable defense. Defendant has not filed anything with the Court. Lepera has offered no defense, and the facts asserted in the complaint do not contain any information that could provide the basis for a meritorious defense. The Court therefore must assume that the defendant has no litigable defense available to him.

---

[1] While plaintiff requests that the Court find Lepera liable for these additional charges, it has failed to specify what these charges consist of, and the amount of these charges.

**NOT FOR PUBLICATION**

Rose Containerline, Inc. v. Omega Shipping Co., No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (citing Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06–3283, 2007 WL 1018227, at *5 (E.D. Pa. Mar. 27, 2009)).

Finally, Lepara's delay appears to be the result of his own culpable conduct. Culpable conduct "is conduct that is taken wilfully or in bad faith." Hill v. Williamsport Police Dept., 69 F. App'x 49, 52 (3d Cir. 2003) (quotations omitted). "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (citation omitted). Here, Lepera has disregarded all communications from HICA and the record does not suggest any good faith justification for his failure to respond. There is no evidence before the Court "that defendant's failure to respond to plaintiff's complaint was caused by anything other than defendant's own culpability and willful negligence." Platypus Wear, Inc. v. Bad Boy Club, Inc., No. 08-2662, 2009 WL 2147843, at *5 (D.N.J. July 15, 2009). The Court presumes that defendant acted culpably because he has "failed to answer, move, or otherwise respond." Stonebridge Bank v. Nita Props., LLC, No. 09-5145, 2011 WL 380759, at *6 (D.N.J. Jan. 31, 2011); Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009).

*Damages*

Plaintiff alleges that it is owed $26,321.18 from the first loan, $22,899.85 from the second loan, and $22,745.55 from the third loan, as well as prejudgment interest on the entirety of the money owed at a rate of $4.20 per day from June 3, 2011, until the date of judgment. Plaintiff further alleges that it is owed costs of court, attorney's fees, late charges, post-judgment interest, and other fees permitted by federal regulations, the amounts of which have yet to be

**NOT FOR PUBLICATION**

determined. Plaintiff is required to submit adequate evidence documenting the principal and interest it seeks as well as any other costs and fees by August 25, 2011.

## CONCLUSION

The Court concludes that default judgment is suitable in this case.

It is, on this 10th day of August,

**ORDERED** that plaintiff's motion for default judgment is granted.

**s/ William H. Walls**
United States Senior District Judge
